UNITED STATE S DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
MICHAEL JAMES,

              Plaintiff(s),

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER
NICHOLAS KIM, Shield # 9276
40th Precinct,
NEW YORK CITY POLICE OFFICER
JOHN DOE, 40th Precinct,
              Defendant(s).
-----------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, MICHAEL JAMES, seeks redress for the

Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1983

and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the

Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws

and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C.

sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff, MICHAEL JAMES is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8.  Defendant(s), NEW YORK CITY POLICE OFFICER NICHOLAS KIM, Shield # 9276, upon information and belief of the 40th Precinct, and NEW YORK CITY POLICE OFFICER JOHN DOE, also of the 40th Precinct, are, and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  The Defendant(s), NEW YORK CITY POLICE OFFICERS KIM and DOE are sued individually and in their official capacity.  At all times relevant, Defendant(s), NEW YORK CITY POLICE OFFICERS KIM and DOE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed

and engaged in conduct incidental to the performance of their lawful duties.  Defendant(s), NEW YORK CITY POLICE OFFICERS KIM and DOE, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9.    Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by the NEW YORK CITY POLICE DEPARTMENT and the named Defendant NEW YORK CITY POLICE OFFICERS..

10.   THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

11.   On March 22, 2014 at approximately 12:30 a.m. the Plaintiff was in the vicinity of Jackson Avenue and East 149th Street in Bronx County, when he was approached by Defendants, NEW YORK CITY POLICE OFFICERS NICHOLAS KIM and NEW YORK

CITY POLICE OFFICER JOHN DOE, who upon information and belief were assigned together as partners by THE NEW YORK CITY POLICE DEPARTMENT.   Defendant NEW YORK CITY POLICE OFFICER KIM proceeded to order the Plaintiff to stop.  The Plaintiff complied with the order of Defendant NEW YORK CITY POLICE OFFICER KIM, whereupon Defendant NEW YORK CITY POLICE OFFICER KIM, without reason or explanation, ordered the Plaintiff to produce identification.  The Plaintiff asked Defendant NEW YORK CITY POLICE OFFICER KIM why he ordered the Plaintiff to produce identification.  Defendant NEW YORK CITY POLICE OFFICER KIM initially refused to inform the Plaintiff why Defendant he was requesting that the Plaintiff produce identification.  After detaining the Plaintiff for several minutes, Defendant OFFICER KIM informed the Plaintiff that he was going to write the Plaintiff a summons for "blocking pedestrian traffic" to the entrance of the park, and that Defendant OFFICER KIM needed to see identification so that Defendant NEW YORK CITY POLICE OFFICER KIM could issue a summons to the Plaintiff.  The Plaintiff began to tell Defendant OFFICER KIM that he did not block any pedestrians, and that none were in the vicinity at the given hour, when Defendant OFFICER NEW YORK CITY POLICE OFFICER KIM ordered the Plaintiff to turn around and place his hands behind his back.  The Plaintiff began to comply with the order of Defendant OFFICER KIM, whereupon Defendant NEW YORK CITY POLICE OFFICER JOHN DOE approached the Plaintiff from behind and suddenly grabbed the Plaintiff's wrist, causing the Plaintiff to move forward.  Defendant NEW YORK CITY POLICE OFFICER KIM followed the Plaintiff, then began to strike the Plaintiff numerous times on the top of his head and right side of the face with a metal baton causing pain,

–4–

lacerations, bleeding and swelling to the top of the Plaintiff's head and a laceration near the Plaintiff's right eyebrow, while Defendant OFFICER DOE struck the Plaintiff about his body, all of which caused the Plaintiff to suffer extreme pain and injury.  The Plaintiff was then handcuffed, physically searched and transported to the 40th Precinct by named Defendant NEW YORK CITY POLICE OFFICERS KIM and DOE.  Upon the order of the Captain (or other ranking officer) on duty that night at the 40th precinct, the Plaintiff was subsequently transported by members of THE NEW YORK CITY POLICE DEPARTMENT to Lincoln Hospital in the Bronx, where the Plaintiff was treated for his injuries.  The Plaintiff remained hospitalized overnight and received staples in his head to close the wounds to his head and two sutures to close the laceration above his right eyebrow.  The Plaintiff was eventually transported back to the 40th Precinct, then Central Booking.  The Plaintiff was arraigned upon a Criminal Court Complaint filed by THE BRONX DISTRICT ATTORNEY'S OFFICE, charging the Plaintiff with violating New York Penal Law Sections 110/120.00 (Attempted Assault) and 240.26 (Harassment in the Second Degree), upon allegations levied by named Defendant NEW YORK CITY POLICE OFFICER KIM, which were not truthfully based, and which were falsely and maliciously made by the aforementioned named Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM.  Upon the application of the BRONX DISTRICT ATTORNEY'S OFFICE, based upon false allegations in the criminal court complaint levied by Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, bail was set upon the Plaintiff.  As a result of the physical injuries inflicted by the named Defendants, NEW YORK CITY POLICE OFFICERS NICHOLAS KIM and JOHN DOE, the Plaintiff experienced extreme pain to the head and body for approximately two weeks

after the incident, and the Plaintiff now has a permanent scar where the wounds were inflicted on his head and over his right eyebrow by Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM.  The Plaintiff also suffered public humiliation and extreme embarrassment as a result of the conduct of the named Defendant OFFICERS and the Defendant CITY OF NEW YORK.  The criminal case levied against the Plaintiff by Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM was ultimately dismissed and sealed on September 14, 2014.

## FIRST FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendment to the United States Constitution-False Arrest

12.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Eleven (11) as if fully set forth herein.

13.  Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, arresting, and physically searching Plaintiff, without probable cause.

14.  That the actions of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution-Malicious Prosecution**

15.  Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Fourteen (14) as if fully set forth herein.

16.  That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

17.  As a consequence of the actions of Defendant(s), NEW YOR CITY POLICE OFFICER KIM and Defendant CITY OF NEW YORK, the Plaintiff was required to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by Defendant CITY OF NEW YORK by members of THE NEW YORK CITY POLICE DEPARTMENT.

**THIRD FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth**

**Amendments to the United States Constitution- Excessive Force**

18.  The Plaintiff incorporates by reference each of the allegations set forth in Paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19.  That upon information and belief the actions of Defendant(s) NEW YORK CITY POLICE OFFICER NICHOLAS KIM, and NEW YORK CITY POLICE OFFICER JOHN DOE, acting under color of State Law, violated Section 42 U.S.C. 1983 by using excessive force against the Plaintiff that was unnecessary and punitive in nature, without lawful reason or cause.

20.  That the actions of Defendant(s) NEW YORK CITY POLICE OFFICER NICHOLAS

KIM and NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the functions and scope of their duties as New York City Police Officer sand while acting as agents and employees of Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

21.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22.  That the actions of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, were willful, unlawful and unwarranted, resulting in the commission of an intentional assault upon the Plaintiff causing serious physical injury to the Plaintiff.

## SECOND STATE LAW CLAIM

23.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24.  That the actions of Defendant, NEW YORK CITY POLICE OFFICER JOHN DOE, were willful, unlawful and unwarranted, resulting in the commission of an intentional assault upon the Plaintiff causing physical injury to the Plaintiff.

## THIRD STATE LAW CLAIM

25.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26.  That the actions of Defendant(s), NEW YORK CITY POLICE OFFICERS NICHOLAS KIM and JOHN DOE, resulted in the Plaintiff being wrongfully, unlawfully and unjustifiably charged, arrested, detained and deprived of his liberty against his will, imprisoned by the

Defendant(s) and that the aforementioned was done without a warrant, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

27.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28.  That the actions of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, maliciously, and without reason or probable cause therefore, commenced a criminal court proceeding alleging facts and circumstances upon which a criminal complaint was filed against the Plaintiff, undertaken solely for purposes other than those permitted by law, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

29.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant(s) NEW YORK CITY POLICE OFFICER NICHOLAS KIM, Shield # 9276, resulted in the false arrest, detention, photographs, malicious prosecution and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

31.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training,

screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM resulted in the intentional infliction of emotional distress of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH STATE LAW CLAIM

33.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34.   That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE resulted in the intentional infliction of emotional distress to Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## EIGHTH STATE LAW CLAIM

35.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Four (34) as if fully stated herein.

36.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, Shield # 9276 which resulted in the intentional assault of Plaintiff, causing physical injury and pain and suffering to Plaintiff.

## NINTH STATE LAW CLAIM

37.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE

which resulted in the physical injury of the Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## TENTH STATE LAW CLAIM

39.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER NICHOLAS KIM, which resulted in the criminal prosecution, infliction of emotional distress, public humiliation and embarrassment upon Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

    1.  Compensatory Damages for Plaintiff.

    2.  Punitive Damages against Defendant(s) New York City Police Officers NICHOLAS KIM and JOHN DOE.

    3.  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

    4.  Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 20, 2015

 

 

                            _____

                            VICTOR M. BROWN, ESQ.
                            (VB-5289)
                            Attorney for Plaintiff
                            11 Park Place, Suite 600
                            New York, New York 10007
                            (212) 227-7373
                            Fax(212) 227-2330
                            E: vbrownlaw@yahoo.com